Robert C. Holtzapple, Esq. (State Bar No. 145954)
Racheal Turner, Esq. (State Bar No. 226441)
FARELLA BRAUN & MARTEL LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone:   (415) 954-4400
Facsimile:   (415) 954-4480
rholtzapple@fbm.com
rturner@fbm.com

Milton Springut, Esq., *pro hac vice*
Tal S. Benschar, Esq., *pro hac vice*
KALOW & SPRINGUT LLP
488 Madison Avenue
New York, NY 10022
Telephone:   (212) 813-1600
Facsimile:   (212) 813-9600
ms@creativity-law.com
tbenschar@creativity-law.com

Counsel for Plaintiffs
CARTIER, A DIVISION OF RICHEMONT
NORTH AMERICA, INC. and CARTIER
INTERNATIONAL, B.V.

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CARTIER, a division of RICHEMONT NORTH AMERICA, INC.; and CARTIER INTERNATIONAL, B.V.,<br><br>Plaintiffs,<br><br>vs.<br><br>D&D JEWELRY IMPORTS d/b/a JEWELSPLUS.COM, MEHRDAD ANSARI and JOHN DOES 1-20,<br><br>Defendants. | Case No. 07-05146 (PVT)<br><br>**JOINT CASE MANAGEMENT STATEMENT** |

The parties, having conferred in accordance with Rule 26(f), hereby report to the Court as follows:

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

JOINT CASE MANAGEMENT STATEMENT
Case No. 07-05146 (PVT)

22948\1525065.1

1.   Jurisdiction and Service:

The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338. The Complaint alleges trademark, trade dress and design patent infringement under federal and state law. The case was originally filed in the Southern District of New York and transferred to this district pursuant to U.S.C. § 1404. All parties have been served.

2.   Facts:

Plaintiffs' Statement:

Plaintiffs represent the corporate interests of the famous jewelry house, Cartier. Plaintiffs are the owners and licensees of all rights used with the Cartier business in the U.S. At issue are two registered trademarks for watches and jewelry; four watch designs protected as trade dress; one jewelry design protected as trade dress and one jewelry design protected by both copyright and a design patent.

Defendants are accused of willfully violating Plaintiffs' intellectual property rights through sales of watches and jewelry items incorporating the protected designs and/or being identified by the trademarks. The watches at issue are so-called "look-alike watches" – which bear the distinctive Cartier designs but do not bear the actual term CARTIER. The jewelry items also bear distinctive Cartier designs; in one case a design which has been registered as a trademark for decades; on another, they bear an exact copy of a design protected by a design patent.

Defendants' watches and jewelry were made available nationwide through Defendants' website. Defendants clearly intended to infringe upon Plaintiffs' rights and suggest to their customers that their items were Cartier look-alikes. Their customer invoices describe the items as "CARTIER" watches and provide the Cartier watch family names (e.g. describing a watch as a '"Cartier Tank Francaise" watch). Furthermore, Defendants' website used pictures scanned directly from Cartier catalogs to promote their items.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

JOINT CASE MANAGEMENT STATEMENT
Case No. 07-05146 (PVT)                - 2 -                22948\1525065.1

1    Defendants' Statement:

2    D&D denies that Plaintiff's registrations are valid, or that Plaintiff has any common law

3    trademarks.  Further D&D asserts that if trademarks Plaintiff had has become generic.

4    Defendants deny that the products they sold infringes Cartier's alleged trademarks and trade

5    dress.  Any alleged infringement has been innocent and not willful.  D&D is not a manufacturer,

6    designer or importer of the products in question.  D&D does not keep an inventory of the

7    products in question.  Finally, D&D voluntarily complied to cease and desist from selling the

8    products in question prior to any litigation.  Accordingly, this would not be a case of exceptional

9    circumstances warranting any punitive damages, attorney's fees, or costs.

11    3.    Legal Issues:
12    • Validity of Plaintiffs' claimed rights
13    • Infringement
14    • Willfulness
15    • Exceptional Circumstances
16    • Remedies

18    4.    Motions:

19    Plaintiffs will seek to amend their pleadings to reflect assignment of the rights at issue to

20    two corporate affiliates.  *See* ¶ 5.

21    Plaintiffs are likely to seek summary judgment on liability as to some or all of the claims

22    at the conclusion of discovery.  Plaintiffs are also likely to seek an injunction to prevent

23    Defendants from continuing to infringe upon Plaintiffs' rights.

24    Defendants may seek to file a cross complaint for antitrust violations.  *See* below.

26    5.    Amendment of Pleadings:

27    Plaintiffs will seek to substitute two affiliate corporate entities for Plaintiff Cartier

28    International, B.V., who are the assignees of, respectively, the trademarks and design patents.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

JOINT CASE MANAGEMENT STATEMENT
Case No. 07-05146 (PVT)                - 3 -                                22948\1525065.1

1    Defendants may seek to file a cross complaint for antitrust violations.

6. <u>Evidence Preservation</u>:

Plaintiffs have litigated the intellectual property rights at issue in this case in prior actions, and all of the documents believed to be relevant to this action have already been preserved.

7. <u>Disclosures</u>:

Plaintiffs served their Initial Disclosures on April 8, 2008.

D&D has already produced responses to discovery, including a deposition, as part of jurisdictional and venue discovery. Accordingly, all disclosures and documents possessed have already been produced to plaintiff.

8. <u>Discovery</u>:

<u>Plaintiffs' Position</u>:

Only jurisdictional discovery was taken when the case was pending in the Southern District of New York. Otherwise, discovery needs to be taken on all issues.

<u>Plaintiffs Proposed Schedule</u>:

| | |
|---|---|
| Complete Fact Discovery: | September 2, 2008 |
| Plaintiffs Serve Expert Report: | October 6, 2008 |
| Defendants Serve Expert Report: | November 4, 2008 |
| Complete Expert Discovery: | December 21, 2008 |
| Requested Trial Date | February 2, 2009 |

<u>Defendants' Position</u>:

Defendants have not taken any discovery, which is substantial, and Defendant's counsel is in trial until late May 2008. Additionally, Plaintiff has its expert witness reports prepared as part of prior litigation, while Defendant has to retain and prepare its expert witness. Accordingly Defendants propose a longer timeline for discovery completion.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

JOINT CASE MANAGEMENT STATEMENT
Case No. 07-05146 (PVT)                - 4 -                22948\1525065.1

1  Defendant's Proposed Schedule:

2  Complete Fact Discovery:         January, 2009

3  Plaintiffs Serve Expert Report:  February, 2009

4  Defendants Serve Expert Report:  March, 2009

5  Complete Expert Discovery:       April, 2009

6  Requested Trial Date             June, 2009

8  9.    Class Actions:

9  N/A.

11  10.   Related Cases:

12  None.

14  11.   Relief:

15  • Injunctive Relief

16  • Defendants' Profits – although additional discovery is needed before these can be fully determined, Plaintiffs estimate that the total profits are in the range of $50,000 to $75,000.  Defendants estimate that the total profits of any allegedly infringing product is approximately $15,000.

20  • Attorney's Fees. Defendants assert that attorney's fees are not awardable under these circumstances.

23  12.   Settlement and ADR:

24  Some discussions have occurred, but settlement has not been reached.

25  The parties have agreed to an Early Settlement Conference with a Magistrate Judge.  An ADR Phone Conference is scheduled for April 14 at 10:30 a.m.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

JOINT CASE MANAGEMENT STATEMENT
Case No. 07-05146 (PVT)              - 5 -                22948\1525065.1

13. <u>Consent to Magistrate Judge For All Purposes:</u>

Yes.

14. <u>Other References:</u>

None.

15. <u>Narrowing of Issues:</u>

None.

16. <u>Expedited Schedule:</u>

No.

17. <u>Scheduling:</u>

See above.

18. <u>Trial:</u>

<u>Plaintiffs</u>: To the Court. Four to five days. Plaintiffs' position is that Defendants have waived their right to a jury trial when they failed to include such a demand in their Answer filed in October 2006. *See* Fed.R.Civ.P. 38.

<u>Defendants</u>: Defendants demand jury trial and estimate 14 days.

19. <u>Disclosure of Non-Party Interested Entities or Persons:</u>

<u>Plaintiffs:</u>

Plaintiffs have filed their "Certificate of Interested Parties or Persons."

Pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

JOINT CASE MANAGEMENT STATEMENT
Case No. 07-05146 (PVT)    - 6 -    22948\1525065.1

proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

  Compagnie Financiere Richemont, S.A.  Publicly traded corporate owner

  Richemont S.A., Luxembourg  Publicly traded corporate owner

<u>Defendants</u>:

Defendants have already filed their Certificate of Interested Parties or Persons.

  20.  <u>Other Matters</u>:

The Court has admitted *pro hac vice* Plaintiffs' New York counsel, Milton Springut and Tal S. Benschar. Plaintiffs request that the Court enter an order permitting such counsel to appear at Case Management Conferences and Alternative Dispute Resolution Proceedings via telephone.

Dated:  April 8, 2008    FARELLA BRAUN & MARTEL LLP

        By:   /s/ Racheal Turner
           Racheal Turner, Esq.

Counsel for Plaintiffs
CARTIER, A DIVISION OF RICHEMONT NORTH AMERICA, INC. and CARTIER INTERNATIONAL, B.V.

Dated:  April 8, 2008    IN HOUSE COUNSEL

        By:   /s/
          Ali Kamarei, Esq.

Counsel for Defendants
D&D JEWELRY IMPORTS d/b/a JEWELSPLUS.COM and MEHRDAD ANSARI

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

JOINT CASE MANAGEMENT STATEMENT
Case No. 07-05146 (PVT)  - 7 -  22948\1525065.1

1  I attest that I have written signature authorization for the filing of this document from
2  counsel for Defendants D&D JEWELRY IMPORTS d/b/a JEWELSPLUS.COM and
3  MEHRDAD ANSARI.

4  Dated: April 8, 2008                                    FARELLA BRAUN & MARTEL LLP

6                                                          By:  /s/ Racheal Turner
7                                                               Racheal Turner, Esq.

                                                           Counsel for Plaintiffs
8                                                          CARTIER, A DIVISION OF RICHEMONT
                                                           NORTH AMERICA, INC. and CARTIER
9                                                          INTERNATIONAL, B.V.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

JOINT CASE MANAGEMENT STATEMENT
Case No. 07-05146 (PVT)                - 8 -                                    22948\1525065.1