Robert C. Holtzapple, Esq. (State Bar No. 145954)
Laura Roche (State Bar No. 174596)
FARELLA BRAUN & MARTEL LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone:   (415) 954-4400
Facsimile:   (415) 954-4480
rholtzapple@fbm.com
lroche@fbm.com

Milton Springut, Esq., *pro hac vice*
Tal S. Benschar, Esq., *pro hac vice*
KALOW & SPRINGUT LLP
488 Madison Avenue
New York, NY 10022
Telephone:   (212) 813-1600
Facsimile:   (212) 813-9600
ms@creativity-law.com
tbenschar@creativity-law.com

*Counsel for Plaintiffs*
CARTIER, A DIVISION OF RICHEMONT
NORTH AMERICA, INC. and CARTIER
INTERNATIONAL, B.V.

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| CARTIER, a division of RICHEMONT NORTH AMERICA, INC.; and CARTIER INTERNATIONAL, B.V., <br><br> Plaintiffs, <br><br> vs. <br><br> D&D JEWELRY IMPORTS d/b/a JEWELSPLUS.COM, MEHRDAD ANSARI and JOHN DOES 1-20, <br><br> Defendants. | Case No. 07-05146 (PVT) <br><br> **DECLARATION OF TAL S. BENSCHAR** |

1.   I am a partner with KALOW & SPRINGUT LLP, counsel for Plaintiffs in the above action and admitted *pro hac vice* in the above case. I make this declaration in support of Plaintiffs' motions (a) to shorten the time on their motion to compel the deposition of Defendants' attendance and (b) to compel the deposition of Defendants.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DECLARATION OF TAL S. BENSCHAR
Case No. 07-05146 (PVT)

**History Of Noticing Deposition**

2. A settlement conference has been scheduled in this case for September 9, 2008 before Magistrate Judge Seeborg for some time. Plaintiffs' lead counsel, Milton Springut, is set to fly from New York to the West Coast to attend that conference, as well as a deposition in another, unrelated case. If the case does not settle, then Plaintiffs need to take the deposition of Defendants.

3. Accordingly, on July 25, 2008, we noticed the deposition of Defendants for September 11, 2008. A true and correct copy of the Notice of Deposition is attached as Exhibit A.

4. Nothing was heard from Defendants until August 15, 2008, when they sent a letter, a true and correct copy of which is attached as Exhibit B. Notably, that letter did not object to the deposition *per se*, but rather claimed to have another commitment on the noticed date and even offered alternative deposition dates.

5. After additional correspondence, on August 26, 2008 we sent a letter to Defendants offering to move the deposition to September 9, 2008 after completion of the settlement conference.

6. In response, on August 27th for the first time Defendants wrote a letter (followed by a formal objection) in which they objected to the deposition *in toto*, claiming that a prior jurisdictional deposition taken when the case was pending in New York should be Plaintiffs' only deposition.

**Taking Defendants' Deposition At A Later
Date Will Be Costly To Plaintiffs**

7. It is expensive for counsel to fly to the West Coast for proceedings in the case, and indeed Plaintiffs originally brought the case in New York. Notably, Defendants eventually

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DECLARATION OF TAL S. BENSCHAR
Case No. 07-05146 (PVT)                - 2 -

conceded that the New York Court had jurisdiction over them; the Court nevertheless granted their motion to transfer pursuant to 28 U.S.C. §1404.

8. For these reasons, we have attempted to schedule the deposition at a time where it can be combined with counsel's trip to the West Coast for the settlement conference and one other deposition.

9. Defendants were well aware of the deposition date from late July, but waited until the very end of August to object to the deposition. Counsel is now scheduled to travel to the West Coast on September 8$^{th.}$

**Defendants' Objections Are Meritless**

10. Defendants' belated argument that their deposition was already taken is meritless. When the action was previously pending in New York, the Court never opened general discovery in the case. The Court *did* order limited discovery on the issue of jurisdiction.

11. In addition, to facilitate possible settlement of the case, I suggested to Defendants' New York counsel that Defendants produce all documents related to their sales of allegedly infringing goods and that they permit deposition questions on those documents as well as on the jurisdictional issues. Defendants agreed.

12. At no point was the scope of discovery broadened to include all issues in the case – neither by Court order nor by agreement. We proceeded to take Defendants deposition on this basis. If the case is taken to trial, there are additional issues that would need to be explored. It would be unfairly prejudicial to Plaintiffs to now preclude them from taken a general deposition on all issues in the case.

13. As we related to Defendants counsel, we do not intend to duplicate the prior deposition, and indeed we believe we can complete Defendants' deposition in half a day. For that

reason, we offered to take Defendants' deposition in the afternoon of September 9th, after the Settlement Conference, in the event the case does not settle.

**Plaintiffs Have Conferred With Defendants On the Motions**

14. Plaintiffs have conferred with Defendants regarding the two motions.

15. With respect to the motion to compel, Plaintiffs have corresponded repeatedly with Defendants on this issue. On August 27, 2008, we immediately responded to Defendants' objections by letter, explaining that they were meritless.

16. With respect to the motion to shorten the briefing schedule, I draft and sent a proposed Stipulation pursuant to Local Civil Rule 6-2 to Defendants, which were sent along with a cover letter on August 29, 2008. A true and correct copy of the cover letter is attached as Exhibit C.

17. I also attempted to phone Defendants' counsel on August 29, 2008 and September 2, 2008, but he did not return my calls.

18. For these reasons, Plaintiffs request that the motion to compel be briefed and heard on an expedited basis, and that the Court then order Defendants to appear for deposition on September 9th.

19. I declare under penalty of perjury that the foregoing is true and correct.

Dated: September 2, 2008
New York, New York

_____
Tal S. Benschar

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DECLARATION OF TAL S. BENSCHAR
Case No. 07-05146 (PVT)                - 4 -