UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CARTIER, et al.,<br><br>        Plaintiff,<br><br>  v.<br><br>D & D JEWELRY IMPORTS, et al,<br><br>        Defendants. | Case No.: C 07-5146 PVT<br><br>**ORDER DENYING AS PREMATURE PLAINTIFFS' MOTION TO COMPEL DEPOSITION; AND DENYING MOTION TO SHORTEN TIME AS MOOT** |

On September 2, 2008, Plaintiffs filed a motion to compel deposition of Defendants.[1] Having reviewed the papers submitted by Plaintiffs, the court finds it appropriate to issue this order without further briefing or oral argument. Based on the moving papers,

IT IS HEREBY ORDERED that Plaintiffs' motion to compel is DENIED as premature, and Plaintiffs' motion to shorten time is DENIED as MOOT.

Plaintiffs cite no legal authority for a motion to compel before a party fails to appear for a duly noticed deposition.

Rule 37(a) of the Federal Rules of Civil Procedure provides, in relevant part:

> "(1)    ***In General.*** On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

ORDER, *page 1*

        must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

        * * * *

"(3)   **Specific Motions.**

        * * * *

    "(B)   *To Compel a Discovery Response.* A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if:

        "(i)   a deponent fails to answer a question asked under Rules 30 or 31;"

Thus, a motion to compel is authorized only after a party "fails to make discovery" or "fails to answer a question asked under Rules 30 or 31." Nothing in the rule authorizes the court to issue an order compelling a deposition *before* the party fails to appear and answer questions. The rule that governs a situation where a party fails entirely to appear for a duly noticed deposition is Rule 37(d), which provides in relevant part:

"(1)   **In General.**

    "(A)   *Motion; Grounds for Sanctions.* The court where the action is pending may, on motion, order sanctions if:

        "(i)   a party or a party's officer, director, or managing agent — or a person designated under Rule 30(b)(6) or 31(a)(4) — fails, after being served with proper notice, to appear for that person's deposition; or

        * * * *

"(2)   *Unacceptable Excuse for Failing to Act.* A failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)."

Until and unless Defendants fail to appear for their noticed deposition, a motion to compel is premature.

IT IS FURTHER ORDERED that this order is without prejudice to a renewed motion to compel, and a motion for sanctions pursuant to Rule 37(d), if Defendants fail to appear for their noticed depositions without filing a motion for a protective order under Rule 26(c). In light of the

1  fact Plaintiff served the deposition notices over a month ago, and the noticed deposition date is fast
2  approaching on September 11, 2008, if Defendants wish to file a motion for a protective order
3  they must do so no later than September 8, 2008.[2]
4  Dated: *9/3/08*

5  
   PATRICIA V. TRUMBULL
6  United States Magistrate Judge

---

[2] The court expresses no opinion at this time regarding whether any such motion for a protective order is warranted here. Thus, unless the parties reach an agreement on an alternative deposition date, Defendants are cautioned that they should prepare to appear on the noticed date in the event the court summarily denies any such motion for protection.

ORDER, *page 3*